**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

**December 22, 2020**

# In the Court of Appeals of Georgia

A19A1676. NATIONAL COLLEGIATE STUDENT LOAN TRUST
v. 2007-1 v. BELL.

MERCIER, Judge.

National Collegiate Student Loan Trust 2007-1 ("NCSLT") sued Shaquavia Bell on a promissory note, alleging she defaulted on her obligation to repay the loan. Bell filed a special appearance and answer stating, inter alia, that NCSLT lacked standing to sue in its own name and that she was not properly served with the complaint and summons. Bell moved to dismiss the complaint, arguing that NCSLT lacked standing to pursue any action in any Georgia court, that the court lacked personal jurisdiction over her, and that she received insufficient service of process. The trial court heard the motion to dismiss and entered an order stating that NCSLT, as a trust, could only pursue a civil action through its trustee, that it must substitute

its trustee as the real party in interest, and that failure to do so may result in dismissal of the action. Based on its finding that the action was not then prosecuted in the name of the real party in interest, the court declined to address the other motions filed by the parties.[1]

NCSLT did not substitute the party as directed in the order, but filed a motion for reconsideration, contending that it is not an express trust but a Delaware statutory trust and, as such, is recognized as an unincorporated association with capacity and standing to sue in Georgia courts. The court denied NCSLT's motion for reconsideration and entered a final order dismissing the action "for want of a plaintiff with standing." NCSLT now appeals, asserting that a Delaware statutory trust is an unincorporated association with the right, capacity, and standing to sue in its own name, and that an unincorporated association is unlike traditional common law or express trusts that have no separate personality apart from their trustees.

The outcome of this case is controlled by our recent decision in *Nat. Collegiate Student Loan Trust 2007-3 v. Clayborn*, ___ Ga. App. ___ (Case No. A20A1571, decided October 23, 2020), where we reversed the trial court's dismissal of NCSLT's

---

[1] Prior to the court's order, NCSLT filed motions to transfer the case and to vacate service of process. Bell's motion to dismiss included the additional grounds of lack of personal jurisdiction and insufficient service of process.

action against a different borrower. We held that "NCSLT, despite its nomenclature as a 'trust,' is a Delaware unincorporated association. As such, it is a separate legal entity entitled to maintain an action in its own name in Georgia. Accordingly, the trial court erred by dismissing the complaint." Slip op. at 7 (1). NCSLT presents the same arguments here that it presented in *Clayborn.* Therefore, for the reasons explained in *Clayborn*, we reverse the trial court's judgment in this case. And, because the trial court declined to rule upon the parties' pending motions in light of its dismissal for lack of standing, we remand this case for the court to consider those motions.

*Judgment reversed and case remanded. Miller, P. J., and Coomer, J., concur*.